UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80157-Cr-Singhal/McCabe

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)

**UNITED STATES OF AMERICA**

vs.

**DEREK JAMES ACREE,**

      **Defendant.**
_____/

FILED BY ___TM___ D.C.

Sep 27, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

### The Economic Injury Disaster Loan Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to Americans suffering economic harm from the COVID-19 pandemic.

2. The Economic Injury Disaster Loan ("EIDL") program was a U.S. Small Business Administration (SBA) program that existed before the COVID-19 pandemic to provide low-interest financing to small business, renters, and homeowners in regions affected by declared disasters.

3. The CARES Act authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In order to obtain a COVID-19 EIDL, a qualifying business was required to submit an EIDL application to the SBA

and provide information about its operations, such as the number of employees, gross revenues, and the cost of goods sold for the 12-month period preceding January 31, 2020. The applicant was also required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance was determined by the number of employees the applicant certified having. The advances did not have to be repaid.

4. All EIDL applications were submitted online. All applications submitted on July 11, 2020 or after were handled by an SBA contractor with servers located in Des Moines, Iowa. Prior to July 11, 2020, EIDL applications were submitted through three different servers, located in Boydton, VA, West Des Moines, IA, or Quincy, WA.

5. EIDL applications were submitted directly to the SBA and processed by the SBA with support from a government contractor. The amount of the loan was determined based, in part, on the information provided in the application concerning the number of employees, gross revenues, and cost of goods sold. Any EIDL funds were issued directly by the SBA.

## The Paycheck Protection Program

6. Another source of relief provided through the CARES Act was the authorization of forgivable loans to businesses for job retention and certain other expenses, through a program called the Paycheck Protection Program ("PPP").

7. The PPP allowed qualifying small businesses and other organizations to receive PPP loans. Businesses were required to use PPP loan proceeds on payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

8. The amount of a PPP loan that a small business was entitled to receive was determined by the number of employees employed by the business and the business's average monthly payroll costs.

9. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its average monthly payroll expenses and number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

10. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own funds. While a participating lender issued the PPP loan, the loan was 100% guaranteed by the United States Small Business Administration, an executive branch agency of the United States government.

**The Defendant and Relevant Entities**

11. **DEREK JAMES ACREE** was a resident of Palm Beach Gardens, Florida.

12. NATIONAL FINANCIAL HOLDINGS INC., formerly National Financial Holdings LLC, was a Delaware corporation with a registered address in Wilmington, Delaware and a principal address in Palm Beach Gardens, Florida. **DEREK JAMES ACREE** was the Chief Operating Officer of NATIONAL FINANCIAL HOLDINGS INC.

13. NFH FLORIDA LLC ("NFH FLORIDA") was a Delaware limited liability company with a registered address in Wilmington, Delaware.

14. NATIONAL FINANCIAL HOLDINGS TECHNOLOGY LLC, was a Delaware limited liability company with a registered address in Wilmington, Delaware. **DEREK JAMES ACREE** was the Chief Operating Officer of NATIONAL FINANCIAL HOLDINGS TECHNOLOGY LLC.

**Relevant Financial Institutions**

15. First Home Bank ("First Home") was a federally insured financial institution headquartered in Saint Petersburg, Florida.

16. Silicon Valley Bank ("SVB") was a federally insured financial institution headquartered in Santa Clara, California.

17. Truist Bank ("Truist") was a federally insured financial institution headquartered in Charlotte, North Carolina.

18. Flagler Bank ("Flagler") was a federally insured financial institution headquartered in West Palm Beach, Florida.

**COUNT 1**
**Conspiracy to Commit Wire Fraud**
**18 U.S.C. § 1349**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around March 2020, and continuing through in or around August 2020, the exact dates being unknown, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**DEREK JAMES ACREE,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with co-conspirator 1 to commit an offense against the United States, that is, to knowingly devise and intend to devise a scheme and artifice to defraud and for

obtaining money and property by means of false and fraudulent pretenses, representations, and promises and to transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, and pictures for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

3. It was the purpose of the conspiracy for the conspirators to unlawfully enrich themselves and others by, among other things, submitting and causing the submission of false and fraudulent applications for EIDL and PPP loans and diverting the proceeds of those loans for the personal use and benefit of the Defendant and known and unknown conspirators and to further the conspiracy.

## Manner and Means of the Conspiracy

The manner and means by which the defendant and his conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. **DEREK JAMES ACREE** and co-conspirator 1 submitted and caused to be submitted an EIDL application on behalf NATIONAL FINANCIAL HOLDINGS INC. This application sought approximately $509,900 in EIDL funds. The application was approved and funded by SBA.

5. **DEREK JAMES ACREE** submitted and caused to be submitted a PPP loan application on behalf NATIONAL FINANCIAL HOLDINGS INC. This application sought approximately $376,300 in PPP funds. The application was approved and funded by First Home Bank.

6. **DEREK JAMES ACREE** submitted and caused to be submitted a PPP loan application on behalf of NFH FLORIDA LLC. This application sought approximately $376,400 in PPP funds. The application was approved and funded by Truist Bank, formerly BB&T.

7. **DEREK JAMES ACREE** submitted and caused to be submitted a PPP loan application on behalf of NATIONAL FINANCIAL HOLDINGS TECHNOLOGY LLC. This application sought approximately $349,955 in PPP funds. The application was approved and funded by Flagler Bank.

8. Each application included false statements about the number of employees and the average monthly payroll or gross revenue.

9. **DEREK JAMES ACREE** and co-conspirator 1 received approximately $1,612,555 in EIDL and PPP loan funds as a result of the false and fraudulent EIDL and PPP loan applications.

10. **DEREK JAMES ACREE** and co-conspirator 1 spent much of the loan proceeds for their personal use and benefit, not for payroll costs, interest on mortgages, rent, or utilities.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant **DEREK JAMES ACREE** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349 as alleged in this Information, the defendant, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to such offense pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in the amount of approximately $869,682.83.

5. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

*Alexandra Chase* for
_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
ROBIN W. WAUGH
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| UNITED STATES OF AMERICA | CASE NO.: |
|---|---|
| v. | |
| DEREK JAMES ACREE, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendant. | |
| _____ / | **Superseding Case Information:** |

**Court Division** (select one)

☐ Miami ☐ Key West ☐ FTP
☐ FTL ☑ WPB

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)            (Check only one)
   I   ☑ 0 to 5 days           ☐ Petty
   II  ☐ 6 to 10 days          ☐ Minor
   III ☐ 11 to 20 days         ☐ Misdemeanor
   IV  ☐ 21 to 60 days         ☑ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                    Case No.

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                    Case No.

9. Defendant(s) in federal custody as of

10. Defendant(s) in state custody as of

11. Rule 20 from the                District of

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
Robin Waugh
Assistant United States Attorney
FLA Bar No.    0537837

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: DEREK JAMES ACREE

**Case No**:

Count #: 1

Wire Fraud Conspiracy

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years' imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years' supervised release
* **Max. Fine:** $250,000 fine or twice the gross loss or gross gain, which could be as much of $2,525,200; and $100 special assessment; plus restitution
*

Count #:

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

Count #:

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) Case No. |
| Derek Acree | ) |
| *Defendant* | ) |

**WAIVER OF AN INDICTMENT**

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

David Roth, Esquire
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: DEREK JAMES ACREE

$200,000 Personal Surety Bond
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   Robin Waugh

Last Known Address: _____

_____

What Facility: _____

_____

Agent(s): SA Michelle McDaniel, FBI
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)