UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80157-CR-SINGHAL

UNITED STATES OF AMERICA

vs.

DEREK JAMES ACREE,

Defendant.
_______________________________________/

**PRELIMINARY ORDER OF FORFEITURE**

**THIS MATTER** is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Derek James Acree (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On September 27, 2022, the United States filed an Information charging the Defendant in Count 1 with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Information, ECF No. 1. The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1349, the Defendant shall forfeit his proceeds, in the amount of approximately $869,682.83. *See id.* at 6.

On October 11, 2022, the Court accepted the Defendant's guilty plea to Count 1 of the Information. *See* Minute Entry, ECF No. 10; Plea Agreement ¶ 1, ECF No. 11. As part of the guilty plea, the Defendant agreed to a forfeiture money judgment in the amount of $869,682.83. Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> 11. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest

> to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation of 18 U.S.C. § 1349, pursuant to 18 U.S.C. § 981(a)(1)(C),[1] as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:
>
> a. a forfeiture money judgment in the sum of approximately $869,682.83 in U.S. currency, which sum represents the value of any property that constitutes or is derived from proceeds traceable to the defendant's commission of the offense(s)

Plea Agreement ¶ 11.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 12. The Factual Proffer also provided a basis for the forfeiture of property. *See id.*

National Financial Holdings, Inc., formerly National Financial Holdings LLC, was a Delaware corporation with a registered address in Wilmington, Delaware and a principal address in Palm Beach Gardens, Florida. Defendant was the Chief Operating Officer of National Financial Holdings, Inc. NFH Florida LLC was a Delaware limited liability company with a registered address in Wilmington, Delaware. Defendant was the Managing Member of NFH Florida LLC.

---

[1] The Information and Plea Agreement cite to 18 U.S.C. § 981(a)(1)(C) as the basis for forfeiture of proceeds. Section 981(a)(1)(C) does provide for forfeiture of proceeds traceable to wire-fraud offenses under 18 U.S.C. § 1343 (and conspiracies). *See* 18 U.S.C. § 981(a)(1)(C) ("(1)The following property is subject to forfeiture to the United States: … (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section … any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title)…, or a conspiracy to commit such offense."); 18 U.S.C. § 1956(c)(7) (defining "specified unlawful activity" to include "any act or activity constituting an offense listed in section 1961(1) of this title"); 18 U.S.C. § 1961(1) (listing *inter alia* "section 1343 (relating to wire fraud)"). In this case, because the wire fraud affected a financial institution, 18 U.S.C. § 982(a)(2)(A) is the proper basis for Defendant to forfeit his proceeds. *See* 18 U.S.C. § 982(a)(2)(A) ("(2)The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—(A) section … 1344 of this title, affecting a financial institution, … shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation."). Under either section, Defendant must forfeit proceeds.

National Financial Holdings Technology LLC, was a Delaware limited liability company with a registered address in Wilmington, Delaware. Defendant was the Chief Operating Officer of National Financial Holdings Technology LLC.

During the period of March 2020 and continuing through in or around August 2020, Defendant and co-conspirator 1 submitted and caused to be submitted several loan applications under the Economic Injury Disaster Loan (EIDL) Program and the Paycheck Protection Program which were developed under the CARES Act. EIDL program was a U.S. Small Business Administration (SBA) program that existed before the COVID-19 pandemic to provide low-interest financing to eligible small business, renters, and homeowners in regions affected by declared disasters. The CARES Act authorized forgivable loans to qualified businesses and other organizations for job retention and certain other expenses, through the Paycheck Protection Program (PPP). Such businesses were required to use PPP loan proceeds on payroll costs, interest on mortgages, rent, and utilities.

On March 31, 2020, Defendant and co-conspirator 1 submitted and caused to be submitted via wire an EIDL application on behalf of National Financial Holdings, Inc., with a listed address of 4521 PGA Blvd., Suite 226, Palm Beach Gardens, FL, and sought approximately $509,900 in EIDL funds. The initial application was submitted from an IP address which originated in Palm Beach Gardens. Defendant and co-conspirator 1 executed the loan agreement as guarantors and falsely represented the gross revenues and number of employees of National Financial Holding Inc., during the 12-month period prior to the dated of the COVID disaster. The application was approved and funded by SBA.

Further, the approved EIDL funds were deposited into a BB&T (now Truist) account ending in 5893, which was held in the name of an entity other than National Financial Holding,

Inc. The account holder for the BB&T (now Truist) account ending in 5893 was NFH Florida LLC, dba Finova Financial LLC. After the EIDL proceeds were deposited into the BB&T (now Truist) account ending in 5893, between April 22, 2020, and August 5, 2020, funds were distributed and transferred in nine separate wires totaling $396,000 to personal and unrelated business accounts belonging to Defendant and co-conspirator 1. EIDL application submitted through August 8, 2020, were serviced through Virginia. BB&T's (now Truist) servers located in North Carolina.

On April 3, 2020, Defendant submitted and caused to be submitted via wire a PPP loan application on behalf of National Financial Holding, Inc., with a listed address of 4521 PGA Blvd., Suite 226, Palm Beach Gardens, FL. This application sought approximately $376,356.03 in PPP funds based on purported average month payroll of $150,542.41 and represented that the entity employed 20 employees. The certificate of completion of the application was submitted from an IP address which originated in Palm Beach Gardens. Defendant executed the loan agreement as guarantor. The application was approved and funded by First Home Bank. Among the documents provided by Defendant in support of the PPP loan were BB&T (now Truist) bank statements for account ending in 5368, which were falsified, in that, the provided bank statements listed National Financial Holdings, Inc, as the account holder, when in truth and in fact, the account holder was NFH Florida LLC dba Finova LLC. Further, the bank provided statements reflect different payroll line amounts and totals significantly less than the inflated payroll line amounts and totals reflected the bank statements provided by Defendant. BB&T's (now Truist) servers are located in North Carolina. First Home Bank is Headquartered in St. Petersburg, Florida, however, its deposits to customer FHB DDA are serviced through Honolulu, Hawaii. Further, the loan documents were docusigned (with an IP Address originating in Palm Beach Gardens and Docusign is headquartered

in San Francisco, California, with data centers outside of Florida.

The approved PPP funds of $376,300 were deposited into a Silicon Valley Bank account ending in 0470 and held by National Financial Holdings Inc. for which Defendant is a signatory. After the PPP proceeds were deposited into SVB account ending in 0470, between May 1, 2020 and December 7, 2020, funds, which included a wire transfer of $195,000 of EIDL proceeds from BB&T account ending in 5893, funds were distributed and transferred in a number of wires to various unrelated entities' accounts, including wires in an aggregate amount of approximately $223,600 to co-conspirator 1's unrelated business account; approximately $54,795 an unrelated business account, controlled by Defendant and co-conspirator 1; approximately $114,000 to Defendant's unrelated business accounts; and to Salles Jewelers for the purchase of jewelry.

On April 17, 2020, Defendant submitted and caused to be submitted via wire a PPP loan application on behalf of NFH Florida LLC, with a listed address of 4521 PGA Blvd., Suite 226, Palm Beach Gardens, FL. This application sought approximately $376,400 in PPP funds based on purported average monthly income of $150,560 and claim of 20 active employees. Among the documents provided by Defendant in support of the application were a borrower's worksheet which reported a total payroll cost of $1,806,508 for the 12-month period prior to the disaster and an IRS Form 940 (Schedule R) purportedly prepared by Insperity PEO Services, LP for Tax Year 2019. The application was approved and funded by Truist Bank, formerly BB&T, whose servers are located in North Carolina. Documentation from Insperity revealed that they did not prepare payroll for TY 2018 or TY 2019; however, Insperity was paid $80,983 during the period of April 2020-June 2020.

After the PPP funds were deposited, approximately $374,000 was moved through nine separate wires and 21 bank account transfers. Eight of the wires were traced to unrelated business

accounts in which Defendant and the co-conspirator 1 were authorized signatories.

On April 20, 2020, Defendant submitted and caused to be submitted via wire a PPP loan application on behalf of National Financial Holdings Technology LLC, with a listed address of 1400 Centrepark Blvd., Suite 800, West Palm Beach, FL. This application sought approximately $349,955 in PPP funds based on a purported monthly payroll of $139,982 and listed 18 active employees. Defendant submitted the PPP application as General Counsel. The application was approved and funded by Flagler Bank. Among the documents provided in support of the application was a PPP checklist signed by Defendant, as Officer, attesting to the company's payroll payment for TY 2019 as $257,374.21 and IRS Forms 940 and 941 (Schedule R) purportedly prepared by Insperity. Insperity found no record for Forms 940 or 941 had ever been prepared for National Financial Holdings Technology LLC. Or any of the related entities.

On April 24, 2020, a Flagler Bank account was opened with $100 and the bank account agreements listed Defendant and co-conspirator 1 as signatories. The account was funded on July 27, 2020, however, the proceeds were pulled back on July 29, 2020. Flagler Bank is Headquartered in West Palm Beach, FL. All PPP applications submitted through August 8, 2020, were received through SBA E-Tran with servers located in Virginia.

As indicated above, Defendant and co-conspirator 1 received approximately $1,612,555 in EIDL and PPP loan funds as a result of the false claims and representations in their EIDL and PPP loan applications. Of the EIDL and PPP proceeds received, Defendant retained approximately $869,682.83 for his personal use, to include American Express credit card payments, USSA credit card payments for maintenance of an Audi, $11,000 payment to Trump National Golf Club, monthly payments of child school tuition, marine services for a vessel, Salles Jewelers in the amount of $67,900, XO Global in the amount of $54,795 for private jet services, and $46,000

down payment for a home located at 13058 Flamingo Terr., Palm Beach Gardens, FL.

Based on the record in this case, the total value of the proceeds traceable to the offense of conviction is $869,682.83.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(2)(A) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $869,682.83 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of January 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE